FILED
July 30, 2021
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ZACHERY RENE LAMAS, Institutional ID No. 15648, Plaintiff, v. HALE COUNTY, *et al.*, Defendants. | § § § § § § § § § § § CIVIL ACTION NO. 5:20-CV-216-BQ |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION AND ORDER OF TRANSFER**

The Honorable James Wesley Hendrix, United States District Judge, transferred this case to the undersigned United States Magistrate Judge by order dated September 16, 2020. ECF No. 6. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that pro se Plaintiff Zachery Rene Lamas's claims for food tampering against Defendant Diane Gonzales and drugging and sexual assault against Defendant Jonathon Velez survive preliminary screening.[1] ECF No. 17. Consequently, the Court entered an order requiring Defendants to answer or otherwise plead to Lamas's claims. *Id.* Defendant Gonzales filed her Answer on June 15, 2021 (ECF No. 26), and Defendant Velez filed his Answer on July 20, 2021. ECF No. 29. As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendants' Answers, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

---

[1] Lamas alleges the incidents forming the bases of his claims occurred at the Hale County Jail (Jail) while he was a pretrial detainee. *See* Compl. 4, ECF No. 1. He originally named "Diana Martinez" and Jailer "Perez" as Defendants. *Id.* at 3. Defendants' Answers, however, reveal that Defendants' correct names are "Diane Gonzales" (ECF No. 26) and "Jonathon Velez." ECF No. 29. The Court therefore refers to Defendants by these names.

I.  **Discussion**

The undersigned previously found that Lamas's claims for sexual assault and food tampering survive preliminary screening.[2] *See* Order of Partial Dismissal & Order to Answer 14–16, ECF No. 17. The Court addresses each claim below.

A. **Sexual Assault**

It appears Lamas was a pretrial detainee at the time of the alleged assault. Neither the United States Supreme Court nor the Fifth Circuit have specified the appropriate standard for analyzing a claim of sexual assault by a guard against a pretrial detainee.[3] Other courts, however, have analyzed such claims under the excessive use of force standard. *Ullery v. Bradley*, 949 F.3d 1282, 1290 (10th Cir. 2020) (citing *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) and *Ricks v. Shover*, 891 F.3d 468, 474–75 (3d Cir. 2018)) ("[W]e—along with our sister circuits—have drawn from excessive force precedents to analyze such [sexual assault] claims."). Lacking any express controlling precedent in the Fifth Circuit, the undersigned finds the analysis of the Third and Tenth circuits persuasive and therefore applies the excessive force framework.

To sufficiently state an excessive force claim, "a pretrial detainee must show only that the force purposefully and knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (abrogating lower courts' application of Eighth Amendment excessive force standards in *Hudson v. McMillian*, 503 U.S. 1 (1992) to pretrial detainees). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular

---

[2] The Court concluded that Lamas's claims for deliberate indifference to serious medical needs, retaliation, conspiracy, First Amendment violations, failure to report, supervisory liability, and any claim against Defendants in their official capacities failed to state a claim for relief and dismissed them through the same order. *See* ECF Nos. 17, 18.

[3] The undersigned found two Fifth Circuit cases examining a detainee's sexual assault claim against entities *other* than the alleged attacker. *Ard v. Rushing*, 597 F. App'x 213, 219 (5th Cir. 2014) (per curiam) (analyzing detainee's sexual assault claim against sheriff—who was not the alleged perpetrator—within context of a failure-to-protect theory); *Scott v. Moore*, 114 F.3d 51, 53–54 (5th Cir. 1997) (discussing detainee's municipal liability claim that guard was able to sexually assault her due to a policy of inadequate staffing).

2

case.'"[4] *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Specifically in reference to sexual assault claims, an "inmate has a constitutional right to be secure in [his] bodily integrity and free from attack by prison guards," and "sexual assaults are sufficiently serious to constitute a violation under" the Fourteenth Amendment. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (analyzing convicted prisoner's sexual assault claim under the Eighth Amendment); *see Brown v. Flowers*, 974 F.3d 1178, 1183 (10th Cir. 2020) (quoting *Barney*, 143 F.3d at 1310) (analyzing detainee's sexual assault claim under the Fourteenth Amendment).

Lamas asserts that Defendant Velez drugged his food with a sedative and then sexually assaulted him. Compl. 3–4; Questionnaire 4, ECF No. 14.[5] Lamas alleges that "when [he] came to not only was . . . Mr. [Velez was] walking out [of his] cell, but [Lamas] had blood and fecal matter on [his] boxers."[6] Compl. 4; *see* Questionnaire 4. Due to the incident, Lamas asserts that he experienced pain and had difficulty sleeping "for a long time," and he "now [has] a hard time useing [sic] the restroom." Questionnaire 5.

Accepting Lamas's allegations as true, as the Court must at this stage of the proceedings, his factual assertions state a claim sufficient to survive preliminary screening, i.e., a Fourteenth Amendment excessive force claim against Defendant Velez for alleged sexual assault. *See, e.g.*,

---

[4] *Kingsley* further provides that in determining the objective reasonableness of an officer's use of force, a court should consider the following non-exclusive factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting. 576 U.S. at 397. These factors are not particularly useful, however, in the context of considering a sexual assault claim. But even looking at the factors, the Court finds that, based on the facts as alleged, they all weigh in Lamas's favor, as sexual assault is "offensive to human dignity" and does not have any penological justification. *Cf. Copeland v. Nunan*, No. 00-20063, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (unpublished) (citation omitted) (stating that even without "lasting physical injury," prisoner may state viable Eighth Amendment claim for sexual assault by a prison guard).

[5] Due to the COVID-19 pandemic, it was not feasible for the Court to conduct a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

[6] Lamas asserts that this incident occurred between September 28 and October 3, 2019 (Questionnaire 4), and that it was one discrete instance. *See* Compl. 4; Questionnaire 4–5. The Court therefore construes Lamas's claim as asserting that Defendant Velez assaulted him on an unknown date sometime between September 28 and October 3, 2019.

*Brown*, 974 F.3d at 1183 (concluding detainee's allegation that guard had "nonconsensual, coerced sex with [her] violated her constitutional rights" for purpose of qualified immunity analysis); *Linthicum v. Boyd*, Civil Action No. 6:18-cv-002-C, Order Directing Service (N.D. Tex. June 21, 2018), ECF No. 15 (finding detainee's claim that guard sexually assaulted her survived preliminary screening); *Tilley v. Gonzalez*, No. 3:09-CV-2451-L-BH, 2010 WL 1541494, at *4 (N.D. Tex. Mar. 10, 2010) (recommending jailers be served with process based on detainee's claim that they sexually assaulted him, causing "extensive injuries").[7]

## B. Food Tampering

Because Lamas, a pretrial detainee, complains about "a particular act or omission of one or more officials," the Court construes his claim as an "episodic act or omission." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999). To state a viable claim against an individual defendant in an episodic act or omission case, a detainee "must establish that the official(s) acted with subjective deliberate indifference to prove a violation of [his] constitutional rights." *Id.* (citation omitted). "Subjective deliberate indifference means the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Id.* (internal quotation marks omitted).

Lamas contends that while housed at the Jail, Defendant Gonzales drugged his food with an unknown substance—either "rat poison or crack"—in an attempt to kill him. Compl. 3–4;

---

[7] In *Tilley*, the court analyzed plaintiff's claim that he was sexually assaulted by guards based on the standard for convicted prisoners, explaining that "[a]n alleged sexual assault states a claim under § 1983 when (1) the assault is objectively, sufficiently serious and (2) the involved prison official acted with a sufficiently culpable state of mind." No. 3:09-CV-2451-L-BH, 2010 WL 1541494, at *4 (N.D. Tex. Mar. 10, 2010) (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)). After the Supreme Court's holding in *Kingsley*, however, the Eighth Amendment standard for excessive force claims brought by convicted prisoners does not apply to Fourteenth Amendment excessive force claims by pretrial detainees. 576 U.S. at 397–98; *Brown*, 974 F.3d at 1182 (explaining that after *Kingsley*, the Eighth and Fourteenth Amendment excessive force analyses are no longer identical). *Kingsley* removed the subjective prong of the analysis. *See Kingsley*, 576 U.S. at 397 (concluding "that the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one"). Nevertheless, the undersigned finds this case supportive of the conclusion that this claim must proceed past initial screening.

4

Questionnaire 1–2. In response to the Court's question asking Lamas to describe how he knew Defendant Gonzales drugged his food, Lamas responded: "Because there is no explaining why my tray of food should be separte [sic] from the other trays and when I would eat I would feel like im [sic] about to die. 'She has motive.'"[8] Questionnaire 2. Lamas avers that as a result of the contaminated food, his right leg became numb and remains so to this day, and he "now find[s] it hard to eat [his] food because [he] feel[s] like its tampered with." *Id.* at 4. These assertions, taken in conjunction with Defendant Gonzales's alleged motivation for harming Lamas, state a claim sufficient to survive preliminary screening. *See, e.g., Banks v. Annuccci*, 48 F. Supp. 3d 394, 402, 407 (N.D.N.Y. 2014) (concluding prisoner's claim that defendants tampered with his food, causing vomiting, diarrhea, and stomach pain survived preliminary screening); *see also LeBlanc v. Adams*, Nos. 2:09–CV–0160–J–BB, 2:10–CV–0033–J–BB, 2012 WL 1019584, at *11 (N.D. Tex. Mar. 8, 2012) (recommending dismissal of prisoner's food tampering claim only after summary judgment evidence showed the defendant "had no involvement in preparing [defendant's] food, had no authority to deny it to him, and only removed food trays from the food carrier and delivered them to inmates exactly as he received them"); *Potter v. Showalter*, No. Civ. 3:CV-03-2127, 2005 WL 2030250, at *1, *5 (M.D. Pa. Aug. 16, 2005) (dismissing on summary judgment prisoner's food tampering claim for failure to exhaust administrative remedies after court initially permitted claim to proceed).

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Because Defendants Gonzales and Velez have asserted the affirmative defense of qualified immunity, it is the undersigned's **RECOMMENDATION** that the United States District Judge enter a limited

---

[8] The authenticated records reflect that Lamas is a suspect in Defendant Gonzales's daughter's sexual assault.

scheduling order, requiring Defendants to file a motion for summary judgment with supporting evidence, for the purpose of making a preliminary determination on qualified immunity. *See* ECF No. 26, at 2 (raising several defenses, including qualified immunity); ECF No. 29, at 2 (same). Alternatively, the undersigned recommends that a Rule 16 scheduling order be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:20-CV-216-H.

## II. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

6

Dated: July 30, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

7