UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ZACHERY RENE LAMAS,<br>Institutional ID No. 15648,<br><br>              Plaintiff,<br><br>v.<br><br>DIANE GONZALES, *et al.*,<br><br>              Defendants. | No. 5:20-CV-00216-H |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND REQUIRING A MOTION ON QUALIFIED IMMUNITY

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that this Court enter a limited scheduling order requiring the remaining defendants to file a motion for summary judgment for the purpose of making a preliminary determination on qualified immunity. (Dkt. No. 31.) No objections were filed. The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

Accordingly, Defendants Gonzales and Velez are each ordered to file a motion for summary judgment with supporting evidence on the issue of qualified immunity no later than December 14, 2021.[1] The summary-judgment motion, any response, and any reply

---

[1] After the issue of qualified immunity is resolved, an additional summary-judgment motion on any or all remaining issues may be filed if need be. *See* LR 56.2(b).

must comply with the requirements of the Local Civil Rules of the Northern District of Texas.

Discovery will remain stayed pending a ruling on the anticipated motion for summary judgment or further order from the Court. *See Wicks v. Miss. State Emp't Servs., Inc.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). If a claim survives summary judgment on immunity grounds, then the parties are entitled to all appropriate discovery, even discovery that does not relate to the qualified immunity defense. *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015) (quoting *Lion Boulos*, 834 F.2d at 507–08).

Where a defendant has asserted a qualified-immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified-immunity defense. *See Wicks*, 41 F.3d at 994. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified-immunity issues raised in the expected motion for summary judgment. *See Backe*, 691 F.3d at 648 (explaining that "this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense"); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) (providing that "a district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue"); *cf. Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) (finding that "a court's qualified immunity inquiry at [the summary judgment] stage requires that the

Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.'" (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018).

After Defendants file their motions for summary judgment, the Court will issue an order setting forth procedures and deadlines for any possible request for limited discovery related to the affirmative defense of qualified immunity. Plaintiff may file a response to Defendants' motions for summary judgment **no later than 30 days** from the date shown on the certificate of service attached to the motion for summary judgment.

So ordered.

Dated October 15, 2021.

_____
JAMES WESLEY HENDRIX
United States District Judge